

$\text{8406}$

SNYDER LAW GROUP, P.C.
BY: ROBERT P. SNYDER, ESQUIRE
ERIK P. SNYDER, ESQUIRE
ATTY. ID NO. 15367, 315999
121 Ivy Lane
King of Prussia, PA 19406
(p) (610) 265-8050  (610) 265-6638 fax                **Attorneys for Plaintiffs**

---

### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY SCHROEDER & <br> PAMELA SCHROEDER, h/w <br> 2111 Gooden Place <br> Groveland, FL 34736 <br>         Plaintiffs <br><br> v. <br><br> VALLEY FORGE CONVENTION <br> CENTER PARTNERS, L.P. d/b/a <br> RADISSON HOTEL VALLEY FORGE <br> 435 Devon Park Drive <br> Wayne, PA 19087 <br><br> & <br><br> VALLEY FORGE CONVENTION <br> CENTER PARNTERS, G.P., LLC <br> The Cira Center <br> 2929 Arch Street, Suite 675 <br> Philadelphia, PA 19104-2867 <br><br> & <br><br> CARLSON HOLDINGS, INC. <br> 701 Carlson Parkway <br> Minnetonka, MN 55305 <br>         Defendants | **18    3236** <br> No.: |

## COMPLAINT

AND NOW, come the Plaintiffs, Jeffrey Schroeder and Pamela Schroeder, h/w, by and through counsel, SNYDER LAW GROUP, P.C., who respectfully set forth the following:

## PARTIES

1. Plaintiffs are adult American citizens who, at all times relevant hereto, have been husband and wife, and have maintained residence at the above-captioned address and have been citizens of the State of Florida.

2. It is believed, and therefore averred, that Defendant Valley Forge Convention Center Partners, L.P., is a Pennsylvania Limited Partnership, with a registered office at the above-captioned address, and a principal place of business at 1160 First Avenue, King of Prussia, PA 19406.

3. It is believed, and therefore averred, that Defendant Valley Forge Convention Center Partners, G.P., LLC, is a General Partner of Defendant Valley Forge Convention Center Partners, L.P, with a principal place of business and/or registered office at the Cira Center, 2929 Arch Street, Suite 675, Philadelphia, PA 19104-2867.

4. It is believed, and therefore averred, that Defendant Carlson Holdings, Inc., is a privately held corporation, organized and existing under the laws of the State of Minnesota, and, at all times relevant hereto, owned and/or operated the Radisson Hotel Valley Forge, located at 1160 First Avenue, King of Prussia, PA 19406

5. At all times relevant hereto, it is believed, and therefore averred, that the Defendants did act, and/or fail to act, through their duly authorized agents, servants, workmen, and/or employees, all of whom were, at all times relevant hereto, acting within the scope of their business relationship with Defendants, and in furtherance of Defendants' business interests, thereby conducting themselves as actual agents, apparent agents, and/or ostensible agents for Defendants.

## JURISDICTION AND VENUE

6. The District Court has original jurisdiction of this action by reason of the amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs, and the action being between citizens and corporations of different states, jurisdiction being predicated upon 28 U.S.C. § 1332.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), a substantial part of the events or omissions giving rise to the claim having occurred in this District, and Plaintiffs and Defendants being citizens of different states.

## FACTUAL ALLEGATIONS

8. Plaintiffs hereby incorporate the preceding paragraphs by reference.

9. On or about August 13, 2016, and for some time prior thereto, Defendants are believed, and therefore averred, to have owned, possessed, and/or managed the premises known as Radisson Hotel Valley Forge, 1160 First Avenue, King of Prussia, PA 19406, it being the obligation and duty of Defendants to the Plaintiff, Pamela Schroeder, a hotel guest, as well as other members of the public, to exercise the highest degree of care, in order to protect such persons, as business invitees, and keep the premises, and, in particular, the floors, in general, and, in particular, outside

of the elevators, in a reasonably safe and non-hazardous condition for persons staying at the hotel and conducting business on the premises, and, as to such hazard which Defendants either knew or should have known existed, Defendants also had an affirmative duty to communicate and warn regarding same.

10. On or about the same date, August 13, 2016, and for some time prior thereto, Defendants had a duty to maintain the premises, in general, and, in particular, in the area of the floor adjacent to the elevators on the fourteenth (14th) floor of the hotel, in a reasonably safe and nonhazardous condition to the benefit, protection, and safety of business invitees, such as Plaintiff Pamela Schroeder, to guard against hazardous conditions which could harm the Plaintiff, that Defendants, in the exercise of reasonable care, either knew or should have known existed, with Defendants also being under a further duty to communicate and warn regarding same.

## COUNT I – NEGLIGENCE
## PAMELA SCHROEDER V. DEFENDANTS

11. Plaintiffs hereby incorporate the preceding paragraphs by reference.

12. On or about August 13, 2016, at or about 9:30 p.m., as Plaintiff Pamela Schroeder was in the process of seeking to use the elevator, on the fourteenth (14th) floor landing, she pushed the button, waited for an elevator, and when one (1) arrived, momentarily, someone appeared to get off.

13. Before the elevator which had arrived at the fourteenth (14th) floor had discharged a person and/or persons, and closed its doors, Plaintiff stepped in the direction of the elevator, at which time her right foot immediately slipped out from under her, as though she was ice skating, causing her body to twist, fall, and when she came to rest, she was lying on her back, injured.

14. It is believed, and therefore averred, that the cause of the Plaintiff having fallen was, in fact, a clear liquid, in an accumulated puddle, approximately eight and a half (8 ½) by eleven (11) inches, on the floor, which is believed, and therefore averred, to have existed for an adequate period of time prior to the Plaintiff having fallen, for Defendants to have had actual and/or constructive notice of same, Defendants' negligence, carelessness, and/or recklessness, being as follows:

   a. Defendants did fail to properly maintain and inspect the premises in the area of the elevators of their hotel, to ascertain whether or not the floors were, in fact, slippery and hazardous;

   b. Defendants did fail to remove a hazardous condition, i.e. a slippery floor caused by an accumulation of liquid from the floor, in the area of the fourteenth (14th) floor elevators;

   c. Defendants did fail to warn of the existence of a hazardous condition which Defendants either knew, or should have known, existed, had Defendants conducted proper maintenance and inspection of their hotel in the area where persons enter and/or exit elevators.

15. As a result of the above-described negligence, carelessness, and/or recklessness of the Defendants, Plaintiff Pamela Schroeder received various and sundry injuries, to and about her person, including, but not limited to, the following: injuries to her neck, upper and lower back, including strains, sprains, abrasions, contusions, injuries to her right knee, her right foot, her right shoulder, and a "straightening of the cervical lordotic curvature," in addition to severe bruising on both left hip and buttocks area, left wrist, and swelling of her feet, together with a severe and permanent shock to her nerves and nervous system, all of which have caused her great physical pain and anguish, in addition to causing her to be unable to attend to and about her normal and

5

usual daily duties and activities, for an extended period of time in the past, and, in all likelihood, such condition will continue for an indefinite period of time into the future.

16. As a further result of the above-described wrongful conduct on the Defendants, Plaintiff has incurred various items of economic loss, including, but not limited to, medical care and treatment expenses, in endeavoring to treat and cure herself of the injuries sustained, all of which, in all likelihood, will continue for an indefinite period of time in the future.

17. As a further result of the above-described wrongful conduct of Defendants, Plaintiff Pamela Schroeder has suffered a loss of earnings and/or impairment of earning capacity, all of which, in all likelihood, will continue for an indefinite period of time into the future.

18. All of the aforementioned injuries, having been factually caused by Defendants' conduct, have caused Plaintiff Pamela Schroeder great pain, agony, and mental anguish in the past and will, in all likelihood, continue to do so for an indefinite period of time into the future.

19. At all times relevant hereto, Plaintiff Pamela Schroeder acted with due care.

### COUNT II – LOSS OF CONSORTIUM
### JEFFREY SCHROEDER V. DEFENDANTS

20. Plaintiffs hereby incorporate the preceding paragraphs by reference.

21. Plaintiff Jeffrey Schroeder and Plaintiff Pamela Schroeder were husband and wife at time of the above-described incident, and as a result of the injuries sustained in the incident, wife-Plaintiff had been rendered sick, sore, lame, disabled, and unable to perform her normal and usual marital duties, thereby depriving husband-Plaintiff of society, companionship, services, and consortium, much to his great financial damage and loss, which loss is ongoing.

22.  Husband-Plaintiff has incurred, and/or will continue to incur, items of economic loss in the form of health care expenses for which he is legally responsible, in attempting and endeavoring to treat and cure his wife of the injuries sustained as the result of the wrongful conduct of the Defendants, such items being in amounts exceeding those otherwise recoverable, much to his great financial damages and loss.

23.  As a direct and proximate result of the wrongful conduct of the Defendants, Plaintiff Jeffrey Schroeder has suffered a disruption of his daily habits, pursuits and a loss of enjoyment of life's pleasures.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs hereby pray that this Honorable Court:

a.  Enter a judgment against the Defendants for an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs, or such greater amount of compensatory and punitive damages as may be determined at trial by the jury;

b.  Enter a judgment against the Defendants for interest and costs, in accordance with applicable law; and

c.  Grant such other and further relief as the Court may deem just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

Respectfully Submitted:

**SNYDER LAW GROUP, P.C.**

DATE: 7/24/18        BY: _____
ROBERT P. SNYDER, ESQUIRE
Attorney for Plaintiffs
121 Ivy Lane
King of Prussia, PA 19406
Attorney ID No.: 15367
Phone: (610) 265-8050
E-mail: Bob@robertsnyderlaw.com

DATE: 7/24/18        BY: _____
ERIK P. SNYDER, ESQUIRE
Attorney for Plaintiffs
121 Ivy Lane
King of Prussia, PA 19406
Attorney ID No.: 315999
Phone: (610) 265-8050
E-mail: Erik@robertsnyderlaw.com

## VERIFICATION

I verify that the statements made in the foregoing are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C. S. Section 4904 relating to unsworn falsification to authorities.

DATE: 7-24-18

SIGNATURE: *Pamela J. [signature]*